if if if if if if if if if if if if if if  if if if if if if if if if if Okay, the next case if you're ready is number 16 16 95 in red katakas, mr Henry jay satone for appellant katakas may it please the court. This case is about suggestive trademarks and whether the Trademark candy is suggestive for food cart food stall or in food stall services That that are envisioned in intent to use trademark The standard for suggestive trademarks are that they require imagination on the consumer's part To call a direct message from the mark about the quality ingredients or characteristics of the service and I would stress call a direct message From that suggestive trademarks will inevitably lead the consumer to the meaning of the mark um, they so so that that would be our primary point here, um, the The usptl considers the mark descriptive and they've cited a lot of cases where the marks were ultimate bike rack Um Handkerchief of the year those kinds of things that we would argue are definitely descriptive because they convey a real or unequivocal idea Of the trademark abercrombie says is forthwith conveys the idea here Can I ask you just about a one one? I guess scenario that i'm thinking and i'm thinking about and I'd like you to address it My recollection is that both in the board's opinion and in the briefs there are Numerous instances in which at least Reviewers have used the term meat candy As a term of praise. Yes. Yes, suppose some of the establishments that were praised started using that in their advertising saying Meat candy and it's you know becomes widespread. Yeah as a Borrowing from from reviewers I'm worried about the idea that Those establishments couldn't quote a review without generating a trademark suit from somebody who owns Meat candy, I think fair use would protect them. Um, you know the the mark is suggestive So we are on the borderline between descriptive and suggestive if we extend if we say this mark is suggestive We're going to say a lot of marks are suggest or I mean if we say it's descriptive We're going to end up saying a lot of marks are descriptive outside of duo cross and some of the other cases that Held marks like simply safe or ultimate bike rack to be laudatory or puffery Once we move beyond that now We start to get into words that have multiple meanings like meat candy where you have candy either meaning actual candy And they only found three instances of that your honor one of well, actually one They say they found three one of them was an ice cream a foie gras ice cream These are niche products to be fair. Um, they were the press review said they were gross or interesting one or the other And the other one was gross or interesting. Yeah, it's ever.com appendix eight They the um, other one was a bacon rice crispy treat, which is a cake not not a candy product They did find the bacon peanut brittle, which we would say might be borderline candied um You know to answer the question I think fair use is gonna gonna hold because people will have the right to to use terms like crack like or If we one of the synonyms in the um In the that the pto brought forward was a review that said that it's the meat candy is crack like So if someone said crack wanted to refer to their product as crack like and our mark had been crack like instead or crack like meat Then why not? Why not let them? You know engage in fair use and use that that review And so what good would the trademark do? Well the trademark Would be on the cart itself. I mean there's a difference between quoting a review that uses a suggestive term and When it's on product when it's on emblazoned on the side on the board of a restaurant or location I'm not sure so so your your client would have the symbol of a registered trademark Which By statute applies throughout the nation and yet anyone Selling this product can use the term They could quote a review. They couldn't call their product meat candy or call their food more importantly call their food There's a difference also between the a product called meat candy and a restaurant service It would be like if someone opened Sarah if Sara Lee were not a famous mark if someone opened a Sara Lee restaurant And they were also Sara Lee baked good in the frozen food section. That's those are two different markets So there there is that to protect them as well So the Registration, I guess I didn't read the registration. The registration is limited to restaurant names. Yeah, it's not a food product. This is a Food cart food stall kiosk a mobile one of the food trucks you see around town Is I should know this but is some fair use in the statute or a gloss I know it exists and that you can and can use a mark and you know You know when you're making a factual statement Right. Have there been instances that the scenario that I was concerned about was not kind of a somebody using a registrants mark in commenting on the registrants product or comparing his his to the registrants product, but Quoting somebody using a registered mark Simply as a descriptor of his own product. Is there an instance of that in the case law? I don't know of any wrong Let's say you were sharing your argument with mr. Dolan, yes, he's doing the rebuttal, okay I would point out that a trademark to be deemed descriptive all Meanings of that mark have to be descriptive if any of the meanings are not descriptive Then the mark is suggestive so you have in Peli's briefing here the Chocolate or something that is pleasant or appealing or light in a frivolous way So we have to think about what it means when we hear the word candy, you know, do we smile? Are we happy? There are a lot of connotations to that word There's eye candy visually appealing all of these things don't have anything to do with food So at that point we have an incongruous mark so we have to say it's suggestive Okay, let's hear from mr. Dolan And I'll also say that a lot of the usages are Very Spartan in the record. There are a few internet websites most of them are titles of Products people are using it as a trademark Which is fine. Those are common-law users. Maybe they predate us. Maybe they have superior rights at some point. I don't know We are certainly we're not aware of them at the time of the filing of the mark so those prior usages if you look at them are all initial capitals or Menu item one with them is a menu item from a restaurant. They're they're fairly hard to find unless you start digging But ply booth says that when something's uses a trademark its trademark It doesn't say that it becomes descriptive because other people are using it as a trademark Good Morning may it please the court This is not a closed case the mark at issue here or the applied for mark is descriptive and the evidence in the record Clearly demonstrates that it is descriptive the suggestive meaning that applicant offers in its opening in her opening brief is that Is the a almost direct quote from a dictionary definition here applicants suggest that candy means something pleasing that Language tracks exactly one of the dictionary definitions for candy all of the evidence of meat candy as a combined term Confirms that descriptive meaning here There is no question that this term as it applies to these services Which applicant has identified will feature delicious tasting meat is Descriptive and I want to offer one point on the fair use fair use is not an analysis That's undertaken in the registration context a registration here will give the applicant for the first five years Prima facie evidence of the right to use and the right to bring an action and after that five years It's eligible for incontestable rights so the fair use here Prevents someone from using meat candy in a way that could be deemed to be a trademark use It's not true that that other uses that could be deemed to be a trademark use will be available to others If the court has no further questions, I mean you said that this was Not a closed case clearly descriptive. I guess I would I'm not sure. It's not a closed case I'm not sure it's purely descriptive in part because I'm not sure of exactly how to draw the line between the Descriptive and suggestive which is a line that I guess the law requires us to draw even if as a Linguistic matter that may not be a terribly easy. There's something Playful I would use the word fanciful if it didn't have a legal comment commentation. I Don't think I've heard of expressions like you know ex candy until Something other than I mean I wouldn't expect for example a scientist to use the term meat candy in trying to give an Indescription of something. What does one do with with the Distinctive I don't mean distinctive in a trademark sense the distinctive character of this expression as a whole not candy by itself Right understood your honor and and I want to be clear that the court Doesn't need to find it's not a close work case Of course, right the court just needs to find that the board's decision was supported by substantial evidence Even if it is a close case if a reasonable person could have found as the board did the court must affirm and in terms of the Mark the term as a whole there is substantial evidence in the record and I don't mean that in a legal sense I just mean the volume of evidence of the use how much of that was reviewers and how much of it was Establishments. I wanted to sell something beyond their own Through the evidence in the record on in page on pages 3 through 5 of our Brief, and it's a mix. It's there are recipes there are reviews. There are menu items That that use the term meat candy and there are articles and there they all are using the joint term Meat candy to identify a meat product the other thing in in recognizing This court in recognizing that suggestedness and descriptiveness is often a close case The court also recognized that the board has a duty to place the term in the proper context within the mark and to determine the public's perception and Here the suggestive meaning that applicant has offered is one that is in a dictionary It is a dictionary definition of candy So both the dictionary definitions here and the uses of the combined term Identify meat candy as descriptive of the featured item of applicant services Unless the court has any further questions May please the court Let me begin just quickly going back to just Toronto's question on fair use and Just to clarify it is a statutory defense and to the extent this way statutes written I don't remember it fully from memory, but whenever an individual or company uses a term Not for trademark purposes for him for descriptive or other purposes and in in good faith Fair use would protect him so if they want to quote a review if they want to describe their goods for example companies that would Actually is the term fair use actually in the statute. Yes. There's actually a statutory Okay, section that I should call fair use, okay But the point is for example if some other company wanted to go out and make Bacon flavored candy that actually would be actual candy they wanted to say this is meat based candy or meat candy This would not be used in the show as a trademark Right we do use to describe their goods, and they'll be perfectly safe within a in a statutory regime so I don't think that's really is or should be a concern and It is fair to point out that because the trademark if this support were to conclude the trademark here is in fact suggestive then Cases do say that kind of the closer trademark is to that line the broader the fair use defense so for example a fair use defense against a fanciful mark or arbitrary mark is going to be much narrower than against a Suggestive mark precisely for that reason because the line is actually fairly fuzzy So and yes, I think other so again to just run this question I think yes other companies will be able to describe their goods or quotes or abuse because they would not be using that term as A mark which is really what statute requires, and they would not be using it to confuse  It is we disagree that it well, I guess we agree that it's not a close case I think except that we think it we should prevail Government does cite a number of Items in in the record and in their brief the problem is they're exactly right There's a place in a proper context and the context is that most of their citations are actually two sweets So they have bacon flavored Dessert they have some other sort of meat be you know for a bra ice cream You know But It doesn't touch on what our client is trying to sell it doesn't touch on actually on her services Which is a food truck so those are actual meat candy and of course in that context it's Descriptive and that is fine because depending on the market depending on what you're selling the same mark can be both descriptive or Suggestive or can be generic versus arbitrary so for example Apple if you're talking about Macintosh apples That's a generic term if you're talking about computers It's an arbitrary term so the fact or you know ever come again fish goes about it as well So if you're talking about hats and you say Safari That's a descriptive term because you can when I say Safari had everybody who you know watch cartoons can draw that but if I say Safari boots Those are not necessarily descriptive term that's somewhat either suggestive or arbitrary and so The course have drawn that line recognizing that depending on the market your mark can be One or the other and so if we if we were talking about candy I think we would agree that meat candy would actually be descriptive, but the point is here When we present meat candy to a consumer consumer has to precisely because there are can debate meat based candies consumers to actually think and Imagine what exactly our clients product is that it's not actually candy that is meat And so why is candy there is to serve to recognize that it's sort of it's It's some other type of product it may be pleasing product it may be very good product, but a consumer doesn't immediately know what's in a box precisely because Descriptively meat candy would actually require there to be actual candy, and that's not what we are supposing so I think Context matters, but I don't think context works for the government I think it works for us and so the fact that their dictionary definitions that we said in our briefs and we rely on again, I think works for us because Ultimately what we are trying to get consumers to do is we're trying to get them to think through or to imagine exactly what? In the boxes were as opposed to really describing what's there and so with the last 30 seconds unless the court has any further questions Okay